RECEIVED

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

2019 APR 25 A 11:34
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JAMES ROBINSON

PLAINTIFF

VS.                                     CASE NO. CV-19-39-WKW

JEFFERSON DUNN

DEFENDANTS

_____[]_____/

## MOTION FOR SPECIAL COURT ORDER UNDER PENALTY OF PERJURY

Comes now James Robinson and present specific facts which can't be denied nor refuted by Dunn, Terry, nor Black. The following specific facts are being placed before this court, for a ruling to be entered:

1. Robinson's only means of income is the Federal Government Social Security check, which provides Robinson's food, clothing, medical, shelter, and other vital needs.

2. Defendant's acts and actions in incarcerating Robinson, after Circuit Court Judge Larry Anderson granted Writ of Habeas Corpus. The acts done by these Defendants caused Robinson's Social Security income to be suspended, and Robinson have no income at all due to these Defendants acts.

3. Robinson can't receive the Social Security benefits until, Federal Social Security representatives are provided with a copy of the release orders, Robinson's release dated March 4, 2019.

1.

4. Robinson after serving a 20 day dunk, was not given a release document, and Defendants refuse to provide Robinson with the copy, which should have been given upon release March 4, 2019.

5. Each name Defendant are fully aware that the Judicial branch of Government, and the Executive branch of Government entered written orders that Robinson was granted his discharge in the following case numbers. Defendants were officially served May 23, 2018 with the orders of discharge, and the very case numbers to which defendants placed the arrest for are the cases which the Court issued the discharge for.

6. Each named Defendant is aware of Alabama Supreme Court law, the law of Alabama, that after the expiration of 30 days the Court's order is final, and can't be changed. **Exparte Lacy Ray Butler**, \_\_\_\_\_SO2d\_\_\_\_\_. Each named Defendant have knowledge that Judge Anderson is not changing the orders entered under the Writ of Habeas Corpus.

7. It is known by public record that on February 21, 2019 Judge Anderson stated that His orders stands, and that ADOC stated to Judge Anderson, that Robinson was placed back in Alabama Prison for **New Charges-New Cases**. This information was totally false and Robinson filed back into Circuit Court with a copy of the parole violation, which listed the case numbers that Robinson was arrested, and thrown back into Alabama prison for.

8. Defendants have constantly lied to Robinson from all telephone conversations, dating from May 2018 to the present day; where they say they are awaiting orders of the Court, that they filed to the Court, and other direct false facts given by Ms. Lewis, and A. Terry.

### SPECIFIC FACTS WHY THE ORDER SHPULD BE GRANTED

**1. Defendants are intentionally seeking to make Robinson to resort to criminal acts and activity by removing Robinson's income, and refusing to provide the necessary copies to Robinson and Federal Social Security office of Government.**

2.

**2. Defendants are aware that Robinson is faced with full eviction, and being placed in a homeless state, and their acts are done with evil intent, and with malice.**

**3. The order will not prejudice Defendants to provide Robinson with the necessary documents to be taken to the Social Security office, to have Robinson's check restarted.**

**4. The order is for the urgent emergency needs of Robinson for life, and the full welfare of Robinson.**

28 U.S. Code § 1361 - Action to compel an officer of the United States
The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency ..

Mandamus -is a judicial remedy in the form of an order from a court to any government, subordinate court, corporation, or public authority, to do (or forbear from doing) some specific act which that body is obliged under law to do (or refrain from doing), and which is in the nature of public duty, and in certain ...

## Rule 65. Injunctions and Restraining Orders

(b) Temporary Restraining Order.
(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

**5. Robinson swear under the penalty of perjury, that immediate irreparable injury, and threat of life dangers outweigh any objection which Defendants could provide to this Court.**

3.

**7. Robinson provide for this Honorable Magistrate Judge, and to this Court the following: ( quote from Ala. Reporter So.2d)**
**Al Joseph FELDER, Sr. v. Richard ALLEN, Commissioner of the Alabama Department of Corrections, et al.**

**2080326.**
**Decided: August 14, 2009**

Al Joseph Felder, Sr., was convicted of a drug-related offense in case number CC-90-92. In 1996, the Montgomery Circuit Court entered a judgment vacating Felder's conviction in case number CC-90-92. Felder was incarcerated in federal prison until January 20, 2005, at which time the State of Alabama, pursuant to a fugitive warrant and extradition petition based on the sentences imposed in case number CC-90-92, took custody of Felder and incarcerated him in a state prison. See Felder v. State, 943 So.2d 802 (Ala.Crim.App.2006). Felder objected to his incarceration because, as noted earlier, his conviction in case number CC-90-92 had been vacated in 1996.

Felder filed a petition for the writ of habeas corpus in the Escambia Circuit Court at some point after he was incarcerated in a state prison. Felder, 943 So.2d at 802. The Escambia Circuit Court summarily dismissed Felder's petition, and Felder appealed that dismissal to the Court of Criminal Appeals. Id. The Court of Criminal Appeals remanded the action to the Escambia Circuit Court for it to hold a hearing on the merits of Felder's petition. Id. The Escambia Circuit Court held the required hearing, at which the Alabama Department of Corrections ("DOC") conceded that the Montgomery Circuit Court's 1996 judgment had vacated the conviction in case number CC-90-92; upon return to remand, the Court of Criminal Appeals, in an unpublished memorandum issued on May 12, 2006, dismissed Felder's appeal because the Escambia Circuit Court had granted his petition for the writ of habeas corpus. See note from the report of decisions, Felder, 943 So.2d at 803. Felder was released from state prison on June 1, 2006, after having been unlawfully incarcerated for nearly 17 months.

8. Defendants can't refute that Robinson's claim before this Court is factual and true, that Robinson was granted the Writ of Habeas Corpus, and that Robinson was discharged, granted full freedom. Robinson like Felder is due to be released, and Defendants have nothing to refute Alabama law, and no reason to deny Robinson the proper copies to present and provide to Social Security, for Robinson's life needs.          ( Page        4.)

Wherefore Robinson makes all under the penalty of perjury for truths to the Honorable Magistrate. Defendants to provide Robinson with the proper documents to have his Social Security check restored. Defendants need to acknowledge to this Court that Robinson is entitled to full relief, and to be discharged. Defendants are **aware that Code of Alabama 1975 Sections 15-21-26 and 15-21-27 are invoked.**

15-21-26 · Reimprisonment for same cause after discharge · § 15-21-27 · Penalty – Unlawful detention or arrest after discharge order; civil action for damages.

Therefore, knowledge is invoked and Defendants have full knowledge of their acts and actions which are pending before this Court.

I declare under the penalty of perjury that all is true and correct, done by my signature below, this 18th day of April, 2019.

RESPECTFULLY

*[signature]*

JAMES ROBINSON

### CERTIFICATE OF SERVICE

I do hereby certify and say that I have served Defendants Attorney, ADOC Legal Division, and Attorney Alabama Parole Board with a copy of the same done this 18th day of April, 2019, postage paid by James Robinson. By my signature below.

*[signature]*

JAMES ROBINSON

JAMES ROBINSON
413 PINEHILL DR.
DOTHAN, AL. 36301



OFFICE OF CLERK
UNITED STATE DIST. COURT
ONE CHURCH ST.
MONTGOMERY, AL. 36101

36104-401801