IN THE UNITED STATES DISTRICT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA A 10: 10

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
DISTRICT ALA

JAMES ROBINSON
   PLAINTIFF
   V.                             CU-19-39-WKW
JEFFERSON DUNN
   DEFENDANTS

MOTION TO VACATE ORDER TO ANSWER
SPECIAL REPORT. LACK OF DOCUMENTS

COMES NOW JAMES ROBINSON AND FOR GOOD CAUSE SHOWS THE FOLLOWING:

1. THIS COURT ENTERED SEVERAL ORDERS GRANTING DEFENDANTS TO LITIGATE IN STATE COURT, WHERE THIS COURT ALLOWED DEFENDANTS TO PROVIDE PERJURED DOCUMENTS, FALSE ACTS, AND ACTS DONE IN BAD FAITH. EACH CONTINUANCE DONE WAS TO HAVE ROBINSON'S WRIT OF HABEAS CORPUS VACATED.

1.

2. ROBINSON REQUESTED FOR DEFENDANTS TO PRODUCE VITAL DOCUMENTS, AND NOT ONE DOCUMENT HAVE THESE DEFENDANTS PRODUCE.

3. THE INTERVENTION WAS GRANTED IN STATE COURT BASED ON THIS VERY CIVIL RIGHTS COMPLAINT.

DEFENDANTS MUST PRODUCE THE RECORDS OF PROOF PURSUANT TO ALABAMA LAW; (1) THE GUILTY PLEA TRANSCRIPT, (2) THE IRELAND FORM - EXPLANATION OF RIGHTS GUILTY PLEA FORM, (3) THE OPEN COURT PRONOUNCEMENT OF SENTENCES, AND ALL DOCUMENTS OF PROOF THAT PROSECUTOR HAVE IN HIS POSSESSION FOR PLEA AGREEMENT. ALL CC-98 CONVICTIONS.

THIS COURT GRANTED EXTENSIONS, AND THIS COURT ENTERED ORDERS UNDER THE AMENDED COMPLAINTS FILED BY ROBINSON THAT HAVE NOT BEEN ADDRESS, NOR ANY PRODUCTION OF DOCUMENTS.

<u>SWORN FACTS UNDER PENALTY OF PERJURY.</u>

ROBINSON A FEDERAL PLAINTIFF IN THIS COMPLAINT COMES UNDER THE PROTECTION OF ALABAMA CONSTITUTION ART I. DECLARATION OF RIGHT SEC. 1. EQUALITY AND RIGHTS OF MEN; "THAT ALL MEN ARE EQUALLY FREE .... LIBERTY AND THE PURSUIT OF HAPPINESS."

2.

1. ROBINSON'S LIBERTY OF FREEDOM IS MANDATORY BY ALABAMA STATUTE, ALABAMA CONSTITUTION, AND UNITED STATES CONSTITUTION. CONGRESS MANDATES THAT THE WRIT OF HABEAS CORPUS MUST BE ENFORCED.

2. CODE OF ALA. 1975 SEC. 15-21-1 IS A RIGHT ESTABLISHED BY CONGRESS. CODE OF ALA. 1975 SEC. 15-21-26 MANDATES THAT THERE CAN'T BE ANY REIMPRISONMENT AFTER DISCHARGE, NO REIMPRISONMENT FOR THE CHARGES, AND CONVICTIONS THAT DISCHARGE WAS GRANTED.

THIS COURT GRANTED DEFENDANTS FULL "POWER AND AUTHORITY" TO INTERVENE IN THE WRIT OF HABEAS CORPUS THAT GRANTED DISCHARGE OF ROBINSON. DEFENDANTS USED THIS COURT AS THE MEANS FOR STATE COURT TO GRANT INTERVENTION.

ROBINSON A FEDERAL PLAINTIFF IS ENTITLED TO FULL DISCOVERY PURSUANT TO FED. R. CIV. P RULE 26, AND RULE 37 FOR SANCTIONS TO BE IMPOSED.

DEFENDANTS HAVE NOT PROVIDED ONE VALID AND PROPER OBJECTION TO THE REQUESTED PRODUCTION OF DOCUMENTS. FIRST - THE PRONOUNCEMENT OF SENTENCE

3.

DONE UNDER EACH CC-98 CONVICTION IS MANDATORY THAT THE JUDGE FIX THE PUNISHMENT, AND PRONOUNCE HOW THE SENTENCES "SHALL" BE SERVED.

THE ORDER GRANTING ROBINSON'S WRIT OF HABEAS CORPUS IS FACTUAL AND SPECIFIC, AND AGREED TO BY DISTRICT ATTORNEY DATED APRIL 06, 2018.

THIS COURT AT NO TIME MOVED FORTH TO MANDATE AN ORDER FOR DEFENDANTS TO ANSWER THE SPECIFIC WELL UNDERSTOOD CLAIM TO WHICH RELIEF EXIST. THIS COURT ALLOWING DEFENDANTS TO LITIGATE, AND TO USE THE MIDDLE DISTRICT COURT IN (1) HOUSTON CIRCUIT, AND (2) ALABAMA CRIMINAL APPEAL; RESULTED IN ALABAMA JUDGES TO TWIST LAWS, TO DENY EQUAL PROTECTION OF LAW, AND TO PRODUCE KNOWN PERJURY IN STATE AND FEDERAL COURT.

42 USC SEC. 1983 PROVIDE NO BASIS FOR ANY PARTY TO LITIGATE THE UNDERLYING CONVICTIONS THAT WERE DISCHARGED BY WRIT OF HABEAS CORPUS. BASED ON BUSH V. STRAIN, 513 F.3d 492, 497 (5TH CIR 2008) DEFENDANTS WERE BARRED FROM ATTACKING THE UNDERLYING

4.

CONVICTIONS. THIS COURT "STRAYED" FROM NEUTRALITY, AND GRANTED A GATE-WAY FOR DEFENDANTS TO USE THIS COURT'S GRANTING OF EXTENSIONS TO OBTAIN VACATING AND VOIDING THE APRIL 06, 2018 ORDER. THE CIRCUMSTANCES, THE SITUATION, THE ACTS DONE DEMONSTRATE PERVASIVE BIAS AND UNFAIRNESS THAT ACTUALLY PREJUDICE ROBINSON.

FACTUAL RELIEF EXIST. ROBINSON CAN PROVE THAT PERJURY WAS DONE BY AND THROUGH THIS COURT BY DEFENDANTS. ROBINSON BY THE POWER OF ALMIGHTY GOD JEHOVAH, WITH JESUS, HAVE TRUTHS. ROBINSON'S RELIEF IS SHOWN (1) NO COURT CAN CHANGE THE APRIL 06, 2018 ORDER AFTER THE EXPIRATION OF 30 DAYS THE COURT LOST SUBJECT MATTER JURISDICTION, (2) ALA. R. CIV. P. RULE 60(b)(4) A VOID ORDER IS A NULLITY, THE COURT LACK of SUBJECT MATTER JURISDICTION, (3) ALABAMA SUPREME COURT'S JURISDICTION INVOKED TO RULE ON HABEAS CORPUS, AND (4) UNITED STATES SUPREME COURT UNDER HABEAS CORPUS.

5.

THE FACTS WHICH DEFENDANTS CAN'T DENY; IS THAT ALABAMA CRIMINAL APPEAL IN CASE NUMBER CR-18-0958 DIDN'T RULE THAT ROBINSON'S ISSUE UNDER LACK OF SUBJECT MATTER JURISDICTION ISN'T TRUE. THE COURT'S RULING EVEN THOUGH CONTRARY TO ALABAMA SUPREME COURT, IS THAT ROBINSON DIDN'T FILE TIMELY.

THE LAW UNDER UNITED STATES CONSTITUTION, UNITED STATES SUPREME COURT <u>BROWN V. ALLEN</u>, 344 U.S. 443, 533 97 L.Ed 469 S.CT 397 (1953) TO EMANCIPATE SLAVES. THE WRIT OF HABEAS CORPUS HAS ALWAYS BEEN AVAILABLE TO REVIEW THE LEGALITY OF EXECUTIVE DETENTION.

IN THAT THIS COURT ALLOWED, PERMITTED THE BIAS UNFAIR ACTS TO TAKE PLACE, AND ROBINSON IS UNDER "SLAVERY" FIGHTING THE ILLEGAL ACTS TO VIOLATE ROBINSON'S LIBERTY OF FREEDOM; ROBINSON IS ENTITLED TO RELIEF FOR THIS COURT TO ENFORCE THE ORDERS OF PRODUCTION THAT RELATES DIRECTLY TO DEFENDANTS DEMAND TO HAVE EXTENSIONS.

WHEREFORE WITH ALL FACTS, PREMISES, AND THE UNITED STATES CONSTITUTION ROBINSON DEMANDS ARE PRESENTED FOR THIS COURT TO RULE ON.

RESPECTFULLY

*James Robinson*

JAMES ROBINSON
P.O. BOX 150
MT. MEIGS, AL. 36057
FEBRUARY 13, 2020

CERTIFICATE of SERVICE

I DO HEREBY CERTIFY AND SAY THAT I HAVE SERVED ADOC LEGAL DIVISION, ALABAMA PAROLE BOARD ATTORNEY WITH A COPY OF THE SAME PLACED IN PRISON OFFICAL HANDS DONE THIS 13TH DAY OF FEBRUARY, 2020 BY MY SIGNATURE BELOW.

*James Robinson*

7.

JAMES ROBENSON 12865 H-16A
P.O. BOX 150
MT. MEIGS, AL. 36057

OFFICE OF CLERK
UNITED STATES COURT
ONE CHURCH ST.
MONTGOMERY, AL. 36101

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

FEB 14 2020