IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES L. ROBINSON, AIS #121865, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:19-cv-39-WKW-JTA |
| | ) | |
| JEFFERSON S. DUNN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

## **I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by James L.

Robinson ("Robinson"), a former state inmate, who was arrested for a parole violation on

January 5, 2019.  He alleges that the arrest was unlawful because the defendants had "full

knowledge that [he had] received full discharge from Alabama prison by judicial order of

court dated April 6, 2018 . . . [which was served on] [a]ll Defendants . . . on May 23, 2018."

Doc. 20 at p 3.  Specifically, Robinson brings claims for false arrest and violation of his

due process rights.  He also alleges conspiracy based on his arrest which he claims violates

the April 6, 2018 order.  *Id.*   Later, he filed an amended complaint alleging retaliation due

to his filing of the instant action and racial discrimination based on the defendants' efforts

to have the April 6, 2018 order overturned.  Doc. 48 at pp. 2, 53, 55.   He names as

defendants Jefferson Dunn ("Dunn"), Commissioner of the Alabama Department of

Corrections ("ADOC"); Alcornelia Terry ("Terry"), Director of Central Records at ADOC;

and Angelica Black ("Black"), a parole officer with the Alabama Bureau of Pardons and Paroles.  Doc. 20; Doc. 48.

Robinson seeks declaratory relief based on the alleged violations of his constitutional rights. Doc. 20 at p. 4; Doc. 48 at p. 4.  Specifically, he asks the court to "declare the arrest to be illegal, to declare that [his] civil rights have been violated[,] [and] [f]or all defendants to answer this court."  Doc. 20 at p. 4.  He also asks the "district court judge, and a panel of judges of this court to review all facts submitted, and for a ruling to be entered according to the Constitution of The United States."  Doc. 48 at p. 4.

The defendants filed an answer, special report, and supporting evidentiary materials addressing Robinson's claims for relief.  In these documents, the defendants deny violating Robinson's constitutional rights.  Doc. 90, Exs. 1-24.

After the defendants filed their special report, the court issued an order directing Robinson to file a response to the arguments set forth by the defendants in the report and advising him that his response should be supported by affidavits or statements made under penalty of perjury and other appropriate evidentiary materials.  Doc. 91 at pp. 1-2.  The order specifically advised the parties that "at some time in the future the court will treat the defendants' report . . . as a dispositive motion[.]"  *Id*.  In addition, the order specifically cautioned the parties that "<u>unless within fifteen (15) days from the date of this order a party files a pleading which presents sufficient legal cause why such action should not be undertaken</u> . . . the court may at any time [after expiration of the time for the plaintiff filing a response to the order] and <u>without further notice to the parties</u> (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment, and (2) after

2

considering any response as allowed by this order, rule on the motion in accordance with the law." Doc. 91 at p. 3 (emphasis in original). Robinson filed a response to this Order on February 23, 2021. Doc. 128.

Pursuant to the orders entered in this case, the court deems it appropriate to treat the defendants' reports as a motion for summary judgment. Upon consideration of the defendants' motion for summary judgment, the evidentiary materials filed in support thereof, and the sworn complaint, the court concludes that summary judgment is due to be granted in favor of the defendants.

## II. FACTS

Robinson brings this 1983 action based on an order from the Houston County Circuit Court which was issued on April 6, 2018 in the matter of *Tommy Lee Bell and James Robinson v. Houston County Judicial System and the State of Alabama,* 38-CV-2017-000101.000. Doc. 90-7. The order, which was issued by Houston County Circuit Judge Larry K. Anderson, states as follows:

> The matter before the Court is James Lynwood Robinson's Petition which after extensive review this Court has concluded is in the form of a Habeas Corpus petition and has treated it accordingly, and the Court having considered the matter and heard from both the Petitioner, represented by counsel, and the State of Alabama, represented by the District Attorney, and the Court being aware of all the attendant circumstances, most specifically being the prior Order issued by the Honorable Judge Lawson Little in 2010 granting the Petitioner's motion and fixing his sentences to time served and the State of Alabama agreeing that Petitioner has completed all of his sentences or otherwise reached the End of Sentence in each one which was imposed in 1999 or earlier, is of the opinion that the relief requested should be granted;
> It is therefore,
> ORDERED, ADJUDGED AND DECREED:
> 1. That James Lynwood Robinson is due to be discharged from custody as he has served his time as reflected in the prior Order

> from January 2010 on all cases and respective sentences for which he is now serving from 1999 and before including but not limited to CC-1988-026, CC-1986-825, CC-1988-125, CC-1998-1222, CC-1998-1628, CC-1998-1468, CC-1998-1626 and CC-1998-1627;
>
> 2. That James Lynwood Robinson's discharge for the aforementioned sentences is to be back dated to reflect January 11, 2010 as his discharge date for said sentences and any remaining sentences he is currently serving shall be re-calculated accordingly;
>
> 3. That this Court, the State of Alabama through its District Attorney and the Petitioner all agree that Petitioner should be paroled if after re-calculating his remaining sentence in CC-2005-33, an Unlawful Possession of a Controlled Substance charge for which he received a 15-year sentence, there should be any time remaining after calculating any good time incentive time.

Doc. 90-7. Robinson failed to name ADOC, or any person associated with ADOC, as a defendant in this Houston County case. However, the case action summary shows that a copy of the Order was mailed to ADOC on May 16, 2018. Doc. 90-3 at p. 8.[1]

Robinson was paroled on April 20, 2018. Doc. 90-1 at p. 3. The parole certificate which he signed demonstrates that he was paroled on the five 1998 cases listed in the April 6, 2018 Order. Doc. 90-1 at pp. 38-40. During his parole, Robinson was supervised by Defendant Black and he reported to the parole office on May 9, 2018 as required. Doc. 90-23 at p. 1. Beginning in August 2018, however, Robinson failed to report to the parole office for eight consecutive weeks. Doc. 90-23 at p. 2. On October 30, 2018, Robinson was declared delinquent by the Alabama Bureau of Pardons and Paroles, and he was recaptured on January 5, 2019. *Id.* After a parole board hearing, Robinson was found guilty and placed in Houston County Jail. Doc. 90-23 at p. 2; Doc. 90-10 at p.1.

---

[1] Robinson filed a request with the Houston County Circuit Court on May 18, 2019 for a copy of the April 6, 2018 order to be sent to ADOC. Doc. 90-8; Doc. 90-3 at p. 9.

On January 10, 2019, Robinson filed a motion with the Houston County Circuit Court requesting that it issue an order for his release and serve it upon ADOC and the Houston County Jail.  Doc. 90-9.  Robinson did not serve the motion on ADOC or seek to add ADOC as a party.  *Id.*  Robinson filed the complaint in the instant action the next day. Doc. 1.  On January 16, 2019, Robinson filed another motion with the state court seeking clarification of the April 6, 2018 order.  Doc. 90-10.  In this motion, he accused ADOC of trying to undermine the court's April 6, 2018 Order, but again failed to serve ADOC or join it as a party.  *Id.*  After Robinson filed additional motions with the state court, the court entered an order on March 19, 2019, stating it had done all it could based upon the evidence before it.  Doc. 90-12.  On March 26, 2019, the Alabama Supreme Court dismissed an appeal filed by Robinson from the Houston County Circuit Court for his failure to prosecute and to follow appellate rules.  Doc. 90-13.

The defendants were served in the instant action beginning on March 26, 2019.  Doc. 24.  Thereafter, Defendants Dunn and Terry filed a motion for extension of time to file special reports for the purpose of intervening in the Houston County Circuit Court proceeding.  Doc. 27.  This court granted that motion.  Doc. 29.

ADOC filed a motion to intervene in the Houston County Circuit Court case on April 19, 2019.  Doc. 90-14.  In its motion, ADOC stated that complete relief could not be granted without its presence as a party defendant because under Alabama law it had sole authority to determine an inmate's end of sentence date.  *Id.* at p. 3.  ADOC further stated that if allowed to intervene, it would ask the court to vacate the April 6, 2018 Order.  *Id.* at p. 4.  The state court granted ADOC's motion to intervene.  Doc. 90-15.

Thereafter, ADOC filed a motion asking the trial court to set aside the April 6, 2018 Order or to grant it relief from that Order. Doc. 90-16. Judge Anderson held a hearing on ADOC's motion on June 4, 2019. Doc. 90-17 at p. 1. As evidence that Robinson had not completed the sentences on his 1998 cases, ADOC proffered by affidavit and live testimony, calculations by Defendant Terry demonstrating that Robinson had not completed the sentences on his 1998 cases. Doc. 90-16 at pp. 5-6; Doc. 90-17 at pp. 3-4. Furthermore, ADOC argued that Robinson had deliberately failed to include it in the Houston County action for the purpose of preventing ADOC from challenging Robinson's misrepresentations to the Houston County court about the alleged completion of his 1998 sentences. Doc. 90-16 at pp. 5-6. ADOC presented evidence that in other similar state court actions Robinson had named ADOC as a party. *Id.* Robinson was in South Carolina and did not attend the hearing, nor did he present any evidence to refute Defendant Terry's calculations and testimony. Doc. 17 at p. 1.

On June 17, 2019, the Houston County Circuit Court issued an Order and Final Judgment concluding, among other things, that Robinson's failure to name ADOC as a party and his refusal to explain this failure, justified adding ADOC as a party and modifying its prior order of April 6, 2018. Doc. 90-17 at p. 2. Furthermore, the Houston County Circuit Court rejected Robinson's argument that the trial court lost jurisdiction 30 days after April 6, 2018. The Circuit Court reasoned that the April 6, 2018 Order on its face was not a final judgment since it left work to be done by ADOC to recalculate Robinson's remaining sentences which was impossible to do without an amended transcript of the 1998 cases being prepared and sent to ADOC. This was never done. Furthermore, the April 6,

2018 Order left open resolution as to the claims of Robinson's co-plaintiff.  Finally, no party moved for certification of the April 6, 2018 Order as a final judgment under Alabama Rule of Civil Procedure 54(b), and the Circuit Court did not use the final judgment language of that Rule in the Order.  Doc. 90-17 at p. 3.

Importantly, the Houston County Circuit Court found in ADOC's favor on the issue of whether Robinson had completely served his 1998 sentences.  Doc. 90-17 at p. 4.  On the basis of Defendant Terry's testimony and numerous documents submitted to the court, including Robinson's conviction transcripts, court orders, certificates of parole and declarations of delinquency, the Houston County Circuit Court concluded that Robinson had not completely served his 1998 sentences.  Furthermore, citing the Alabama Court of Criminal Appeals' decision in *Perkins v. State,* 10 So. 3d 617, 618 (2007),[2] the Houston County Circuit Court found that Robinson's correct end of sentence date was February 26, 2026.  Doc. 90-17 at p. 4.

Following the June 17, 2019 Final Order and Judgment, Robinson filed a Petition for Writ of Mandamus with the Alabama Court of Criminal Appeals.  Doc. 90-3 at p. 15.  The Alabama Court of Criminal Appeals denied this petition as untimely and denied Robinson's request for a rehearing.  Doc. 90-18; Doc. 90-19.  Robinson's subsequent petition to the Alabama Supreme Court was also denied.  Doc. 90-20.  Thus, the April 6, 2018 Order, which forms the basis of Robinson's false arrest and due process claims in this

---

[2] In *Perkins*, the court noted, "[w]e assume [A]DOC's calculations are correct, unless there is some proof to the contrary."  10 So. 3d at 618 (citing *Morrison v. State*, 687 So .2d 1259 (Ala. Crim. App. 1996)).

complaint, Doc. 20, has been vacated and the order vacating it has been upheld by the Alabama Supreme Court.   Doc. 90-19; Doc. 90-20.

In regard to Robinson's 2019 arrest, Defendant Black, Robinson's parole officer, stated in her affidavit that he reported to the parole office on April 5, 2019, but failed to report during May, June and July as required by his parole conditions.   Doc. 90-23 at p. 2. She learned in July, that Robinson was in South Carolina and had left the state without her permission, in further violation of his parole conditions.   On July 23, 2019, the parole board declared him delinquent and a warrant was issued for his arrest.   *Id.*   Robinson was arrested in September 2019 in Greenville, South Carolina on unrelated charges of drug possession and tampering with evidence.   Doc. 90-21; Doc. 90-23 at p. 3.   The Alabama parole violation warrant was executed on September 19, 2019, after Robinson's arrest on new charges in South Carolina.   Doc. 90-23 at p. 3.   None of the named defendants had any involvement in Robinson's arrest by the Greenville, South Carolina authorities.   Doc. 90-24 at p. 2; Doc. 90-23 at p. 3; Doc. 90-2 at pp. 3-4.   Robinson returned to Alabama from South Carolina, pled guilty to a failure to report parole violation at a hearing, and received a 45-day "dunk" by the parole board.   Doc. 90-23 at p. 3.

Defendants deny that they caused Robinson to be unlawfully arrested, denied him due process, discriminated against him on account of his race, retaliated against him, or conspired to violate his civil rights.   Doc. 90-24 at pp. 1-2; Doc. 90-23 at pp. 3-4; Doc. 90-2 at pp. 3-4.

### III.   JURISDICTION

The court exercises subject matter jurisdiction over this action pursuant to federal question jurisdiction, 28 U.S.C. § 1331.   The parties do not contest personal jurisdiction or venue.

### IV.   SUMMARY JUDGMENT STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, a reviewing court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A dispute "is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. . . . [A dispute] is 'material' if it might affect the outcome of the case under the governing law."  *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party asking for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and alerting the court to portions of the record that support the motion.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  However, once the movant has satisfied this burden, the nonmovant is similarly required to cite portions of the record showing the existence of a material factual dispute.  *Id.* at 324.  To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In determining whether a genuine dispute for trial exists, the court must view all the evidence in the light most favorable to the nonmovant

and draw all justifiable inferences from the evidence in the nonmoving party's favor. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003); *see* Fed. R. Civ. P. 56(a).

Although factual inferences must be viewed in a light most favorable to the plaintiff and *pro se* complaints are entitled to liberal interpretation, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard*, 548 U.S. at 525. Thus, a plaintiff's *pro se* status alone does not compel this court to disregard elementary principles of production and proof in a civil case.

Here, after a thorough and exhaustive review of all the evidence which would be admissible at trial, the court finds that Robinson has failed to demonstrate a genuine dispute of material fact in order to preclude entry of summary judgment in favor of the defendant. *See Matsushita*, 475 U.S. at 587.

## V. DISCUSSION

### A. Dismissal of Claims on Procedural Grounds

1. Official Capacity Claims Against Defendants

To the extent Robinson sues the defendants in their official capacities, they are immune from monetary damages. Official capacity lawsuits are "in all respects other than name . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, a state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity or Congress has abrogated it. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (waiver); *Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996) (abrogation). "Alabama has not waived its Eleventh Amendment

immunity in § 1983 cases, nor has Congress abrogated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990)).   Accordingly, to the extent Robinson sues Defendants in their official capacities, they are entitled to sovereign immunity for claims seeking monetary damages. *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998) (holding that state officials sued in their official capacities are protected under the Eleventh Amendment from suit for damages); *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995) (holding that damages are unavailable from state official sued in official capacity). Defendants are entitled to summary judgment on Robinson's claims seeking monetary damages against them in their official capacities.

2.      Challenge to Robinson's Conviction or Sentence

Insofar as Robinson presents a claim which goes to the fundamental legality of his 1998 convictions and the resulting sentences on which he is now paroled, he is entitled to no relief on this claim.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).     In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's conviction or sentence are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  *Heck*, 512 U.S. at 489.  The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]"  *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive

relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983"). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Balisok*, 520 U.S. at 646–48).

The law is well settled that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (holding that the "sole remedy in federal court" for a prisoner challenging the constitutionality of incarceration on a sentence of a state court is a petition for writ of habeas corpus); *Okoro*, 324 F.3d at 490 (holding that *Heck* directs that a state inmate "making a collateral attack on the conviction . . . may not do that in a civil suit, other than a suit under the habeas corpus statute"). Moreover, an inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (advising that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254"). The Supreme Court has emphasized "that a claim either is cognizable under §

1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649; *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (noting that "the Supreme Court [previously] reviewed its prior holdings in this area and summarized that a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration") (citing *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005)) (internal quotation marks omitted).

Under the circumstances of this case, *Heck* and its progeny bar Robinson's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his conviction and sentence. *Heck*, 512 U.S. at 489. Specifically, the Supreme Court did "not engraft an exhaustion requirement upon § 1983, but rather den[ied] the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*.; *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) (holding "*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion"). Accordingly, the court concludes that any claim which tests the legality of Robinson's 1998 convictions and the resulting sentences on which he is now paroled is not properly before the court and is due to be dismissed.

13

3.     Res Judicata/Collateral Estoppel

Robinson's false arrest claim, and by extension his conspiracy claim, is based upon the validity of the April 6, 2018 Order of the Houston County Circuit Court, which has now been vacated by the Order and Final Judgment issued on June 17, 2019.  Doc. 90-17. Robinson's challenge to the June 17 Order has been disposed of in ADOC's favor by both the Alabama Court of Criminal Appeals and the Alabama Supreme Court.  Doc. 90-19; Doc. 19-20.  Accordingly, the court concludes that any claim premised upon Robinson's alleged unlawful arrest is barred by *res judicata.*[3]

The doctrine of *res judicata* "bars claims which were raised or could have been raised in an earlier proceeding."  *Ragsdale v. Rubbermaid, Inc.,*193 F. 3d 1235, 1238 (11th Cir. 1999).  For *res judicata* to bar a subsequent case, four elements must be present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases."  *Id.*   The first three elements are easily met in this case.

Indeed, there has been a final judgment on the merits by the Houston County Circuit Court which is a court of competent jurisdiction.  Doc. 90-17; Doc. 90-19; Doc. 90-20. Robinson is the plaintiff in this instant action and in *Bell* in Houston County Circuit Court.

---

[3] Similarly, "collateral estoppel precludes the relitigation of an issue that has already been litigated and resolved in a prior proceeding."  *Pleming v. Universal -Rundle Corp.,* 142 F.3d 1354, 1359 (11th Cir. 1998).  As more fully discussed, hereinafter, two common issues were resolved by the Houston County Circuit Court.  Doc. 90-17.  First, the court determined that Robinson's 1998 sentences were not coterminous; and second, that Robinson had not completely served these sentences at the time of his January 2019 arrest.  *Id.*  Thus, this court is precluded from revisiting those issues in this action.

While the defendants are not the same in both cases, Defendants in the instant action are either senior officials with ADOC or are charged with carrying out the terms of Robinson's parole on the 1998 sentences and are sufficiently in privity with ADOC, the intervenor in the *Bell* case.

With respect to the fourth element, two cases are generally considered to involve the same cause of action if the latter case "arises out of the same nucleus of operative fact or is based upon the same factual predicate." *Id.* at 1239. "*Res judicata* acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" *Pleming v. Universal-Rundle Corp.,* 142 F.3d 1354, 1356 (11th Cir. 1998) (quotation omitted). Indeed, Robinson's false arrest claim and conspiracy to commit false arrest claim arise under the same facts as his claims in the *Bell* case, i.e., whether his 1998 sentences were ordered to be coterminous and whether he had completed serving them as of April 6, 2018. Stated another way, Robinson's false arrest claim premised upon the January 2019 arrest for violating his parole on the 1998 cases could be viable only if he had finished serving his time on the 1998 cases. On June 17, 2019, the Houston County Circuit Court specifically found that Robinson had not finished serving his time on the 1998 sentences making his parole violation arrest lawful. Doc. 90-17 at p. 4. Accordingly, the court concludes that the doctrines of *res judicata* and collateral estoppel bar the consideration of Robinson's false arrest and conspiracy claims. However, as alternative bases for dismissal, the court will now address the merits of these claims.

**B.     Dismissal of Claims on the Merits**

1.     False Arrest Claim

Robinson asserts that Defendants violated his Fourth Amendment right to be free from an unlawful arrest.   Specifically, he claims that his January 5, 2019 arrest was unlawful based upon the April 6, 2018 Houston County Circuit Court Order.   "The Fourth Amendment's guarantee against unreasonable searches and seizures encompasses the right to be free from arrest without probable cause." *Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004).

> To establish a violation of the Fourth Amendment, [a plaintiff] must demonstrate that [his] arrest was unreasonable. *Brower v. County of Inyo*, 489 U.S. 593, 599, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989) ("Seizure alone is not enough for § 1983 liability; the seizure must be unreasonable.") (quotation marks omitted).   An arrest is unreasonable if it is not supported by probable cause. *Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004).   "Probable cause is defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *Id*. (citing *Gerstein v. Pugh*, 420 U.S. 103, 111, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975)).

*Walker v. City of Hunstville, Ala*., 310 F. App'x 335, 337 (11th Cir. 2009).   "An arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010).

Robinson's false arrest claim fails because probable cause existed for his January 5, 2019 arrest.   It is undisputed that Robinson, who was supervised by Defendant Black, failed to report for parole for eight consecutive weeks beginning in August 2018.   Doc. 90-23 at p. 2.   Subsequently, he was declared delinquent by the Alabama Bureau of Pardons and

Paroles and was recaptured on January 5, 2019.  *Id.*  After a parole board hearing, which occurred twelve days later, he was found guilty and placed in Houston County Jail.  Doc. 90-23 at p. 2; Doc. 90-10 at p. 1.  Also, the claim fails because there is no evidence that any Defendant participated in his arrest.  Further, this claim fails because it ignores that the April 6, 2018 Order addressed only the 1998 cases listed in it and did not address his controlling sentence in CC-1998-1222, which had an end of sentence date of February 26, 2026.  Doc. 90-1 at pp. 3-4, 38-40.[4]  Accordingly, the court concludes that this claim fails for the reasons stated above including the presence of probable cause which was based on Robinson's delinquency.  *Brown,* 608 F. 3d at 734.

To the extent Robinson claims that his arrest in Greenville, South Carolina in September 2019 was unlawful based upon the April 6, 2018 Order that claim likewise fails because probable cause existed for the arrest.  First, Defendant Black testified that Plaintiff reported to the parole office on April 5, 2019, but failed to report during May, June and July of 2019 as required by his parole conditions.  Doc. 90-23 at p. 2.  She learned in July, that Robinson was in South Carolina and had left the state without her permission, in further violation of his parole conditions.  On July 23, 2019, the parole board declared him delinquent and a warrant was issued for his arrest.  *Id.*  Robinson was arrested in September 2019 in Greenville, South Carolina on unrelated charges of drug possession and tampering with evidence.  Doc. 90-21; Doc. 90-23 at p. 3.  After a parole hearing was conducted on December 17, 2019, where Robinson pleaded guilty to failure to report, he was returned to jail.  Doc. 90-23 at p. 3.  Also, none of Defendants participated in Robinson's arrest, which

---

[4] Based on the time Robinson accumulated in his latest parole release, his new end of sentence date is July 30, 2026.  Doc. 90-2 at p. 4.

occurred after the April 6, 2018 Order was vacated by the Final Order and Judgment issued on June 17, 2019.  Doc. 90-17.  Accordingly, the court concludes that this claim fails for the reasons stated above, including the existence of probable cause at the time of his arrest due to Robinson's delinquency and travel outside of the state.  *Brown,* 608 F. 3d at 734.

> 2.   Claim for Conspiracy

Robinson alleges that Defendants conspired against him by falsely arresting him. "To prove a 42 U.S.C. § 1983 conspiracy, a plaintiff 'must show that the parties reached an understanding to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy.'"  *Bailey v. Bd. of Cty. Comm'rs of Alachua Cty., Fla.,* 956 F.2d 1112, 1122 (11th Cir. 1992) (citation omitted).  The Eleventh Circuit has explained that "the linchpin for conspiracy is agreement which presupposes communication." *Id.*

Here, the court concludes that Robinson's conspiracy claim fails for several reasons. First, as discussed *supra*, Robinson has failed to demonstrate that a question of fact exists which would prevent summary judgment against him on any of his constitutional claims. Second, there is no evidence of any communication between Defendants concerning Robinson, his arrests, or ADOC's filing of a motion to intervene in the Houston County Circuit Court.   Indeed, Defendant Dunn had no knowledge of Robinson or his circumstances.  Doc. 90-24 at pp. 1-2.  Defendant Terry "played no role whatsoever in [Robinson's] arrests nor did [he] have any communications with anyone about Inmate Robinson with the aim of obtaining his arrest."  Doc. 90-2 at pp. 2-3.  Also, Defendant Black did not conspire with anyone, and did not learn about ADOC's intervention in the

Houston County case until after it occurred.  Doc. 90-23 at pp. 3-4.  Accordingly, the court concludes that Robinson's conspiracy claim fails on its merits.

3.      Due Process Claim

Robinson also makes the cursory claim that his arrest on January 5, 2019, his arrest in September 2019, and the subsequent parole proceedings violated his due process rights. However, the undisputed facts demonstrate that following both arrests for delinquency and violation of his parole terms, Robinson received a hearing prior to revocation of his parole and subsequent incarceration.  Doc. 90-23 at pp. 2-3.  Accordingly, the court concludes that Robinson's claim for violation of his due process rights fails because he received a hearing within a reasonable time following his arrests for delinquency.  *See Morrissey v. Brewer,* 408 U.S. 471, 485 (1972) (Due process is satisfied where an inmate arrested for parole violation is given a "'preliminary hearing' to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute violation of his parole conditions.").

4.      Claim for Racial Discrimination

Robinson alleges that Defendants have discriminated against him on the basis of his race in their efforts to overturn the April 6, 2018 Order of the Houston County Circuit Court.  Doc. 48 at pp. 2-3.  "The Fourteenth Amendment 'does not require absolute equality or precisely equal advantages,'. . . nor does it require the State to 'equalize [its treatment of inmates].'"  *Ross v. Moffitt*, 417 U.S. 600, 612 (1974); *Hammond v. Auburn University*, 669 F. Supp. 1555, 1563 (M.D. Ala. 1987) ("The Equal Protection Clause of the Fourteenth

Amendment does not require all persons to be treated either identically or equally."). In

order to present a claim of discrimination cognizable under the Equal Protection Clause,

> a prisoner must [at a minimum] demonstrate that (1) he is similarly situated
> to other prisoners who received more favorable treatment; and (2) the state
> engaged in invidious discrimination against him based on race, religion,
> national origin, or some other constitutionally protected basis. *Jones v. Ray*,
> 279 F.3d 944, 946–47 (11th Cir. 2001); *Damiano v. Florida Parole and
> Prob. Comm'n*, 785 F.2d 929, 932–33 (11th Cir. 1986).

*Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318–19 (11th Cir. 2006).

"[O]fficial action will not be held unconstitutional solely because it results in a . . .

disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to

show a violation of the Equal Protection Clause." *Village of Arlington Heights v.

Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977).

"'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness

of consequences. It implies that the decision maker . . . selected . . . a particular course of

action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an

identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256,

279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352,

359 (1991). Evidence which merely indicates disparity of treatment or even arbitrary

administration of state powers, rather than instances of purposeful or invidious

discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S.

279, 292 (1987).

Robinson fails to identify any similarly situated parolee, i.e., a parolee with a similar

criminal background or prison history, of a different race, or other protected category, who

received differential favorable treatment. Thus, his equal protection claim fails because he

has not alleged that he was treated differently from other, similarly situated parolees. *Sweet,* 467 F.3d at 1318–19.  Additionally, this claim provides no basis for relief because Robinson "has not alleged . . . that he was treated differently on account of some form of ***invidious discrimination*** tied to a constitutionally protected interest."  *Sweet*, 467 F.3d at 1319 (emphasis in original).  Accordingly, Robinson's discrimination claim is due to be denied.

> 5.    Claim for Retaliation

Robinson claims that in retaliation for filing this lawsuit Defendants sought to have the April 6, 2018 Houston County Circuit Court Order overturned.  To proceed on a claim for retaliation and withstand the entry of summary judgment, the Eleventh Circuit has held that

> an inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [defendants'] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech.  *See Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005).

*Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).  With respect to the causal relationship element, a prisoner must demonstrate that correctional officials intended to retaliate for his exercise of a right protected under the First Amendment and, but for the retaliatory motive, the adverse act complained of would not have occurred.  *Smith*, 532 F.3d at 1278-1279 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274 (1977)).

An inmate has the initial burden of establishing a prima facie case of unlawful retaliation by showing "that his conduct was constitutionally protected and that this

conduct ... was a 'motivating factor'" behind the adverse action of the defendant. *Mt. Healthy*, 429 U.S. at 287.  Merely alleging the ultimate fact of retaliation, however, is insufficient. *Cain v. Lane*, 857 F.2d 1139, 1142, n.6 (7th Cir. 1988); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).  Taking Robinson's allegations as true, as the court must on summary judgment, the court concludes Robinson fails to state a claim for retaliation.

Shortly after Robinson filed this action, Defendants advised this court by motion that Robinson's complaint was based upon an order erroneously entered by the Houston County Circuit Court in *Bell, et. al., v. Houston County Justice System*, CV-2017-101, and informed the court of ADOC's intent to intervene in the state court action for purposes of correcting that order.  Doc. 27.  It is undisputed that ADOC was not named as a party in the Houston County Circuit Court action.  It is also undisputed that ADOC has the authority to determine a parolee's end of sentence date.  *See* Ala. Code § 15-18-5, *Perkins v. State*, 10 So. 3d 617, 618 (Ala. Crim. App. 2007).

Subsequently, the Houston County Circuit Court entered a Final Order and Judgment on June 17, 2019, which vacated its April 6, 2018 Order, Doc. 90-17, and was upheld on appeal.  Doc. 90-18; Doc. 90-19; Doc. 90-20.  Robinson has presented no evidence of a retaliatory motive by any Defendant.  Rather, the undisputed evidence demonstrates that ADOC, through its lawful actions in the state trial and appellate courts, corrected an order which had been entered based upon false information and presumptions pertaining to Robinson's end of sentence calculation.  *Id.*  Indeed, the undisputed evidence before this court demonstrates that Robinson's end of sentence date is July 30, 2026.[5]

---

[5]  Pursuant to Code of Alabama §14-3-38, an inmate is discharged at the expiration of the longest term of confinement on concurrent cases.  Robinson's Houston County case CC-1998-1222 (a 25-

(Doc. 90-2 at p. 4).  Accordingly, the court concludes that Robinson's claim for retaliation lacks merit.

## VI.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. Costs be taxed against the plaintiff.

On or before **January 7, 2022** the parties may file objections to this Recommendation.   A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

---

year with one day of jail credit and a sentence date beginning May 4, 1999) is the controlling sentence with a February 26, 2026 end of sentence date.  Doc. 90-1 at pp. 3-4, 38-40.  Based on the time Robinson accumulated in his latest parole release, his new end of sentence date is July 30, 2026.  Doc. 90-2 at p. 4.

DONE this 23rd day of December, 2021.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE