IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES L. ROBINSON, <br> AIS # 121865, <br><br> Plaintiff, <br><br> v. <br><br> JOHN HAMM,[1] *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     CASE NO. 1:19-CV-39-WKW <br>                     [WO] |

## **ORDER**

Plaintiff claims that his penitentiary obligations were relieved by a 2018 order in a state habeas corpus proceeding. The order has since been corrected and Plaintiff's appeals in the state court system have been rejected. Plaintiff now claims that the correction of the order was done in retaliation for his filing of this lawsuit and in violation of an Alabama rule that deprives Alabama trial courts from jurisdiction to review a final judgment after ninety days. Each of Plaintiff's arguments was expertly addressed by the Magistrate Judge in her well-reasoned Report and Recommendation. (Doc. # 130.) Plaintiff has filed objections to the Recommendation. (Doc. # 131.)

---

[1] John Hamm has replaced Jefferson Dunn as the Commissioner of the Alabama Department of Corrections. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Hamm is automatically substituted as defendant in this action. The Clerk of the Court is DIRECTED to update the docket sheet and change the caption accordingly.

Whether based on the *Rooker-Feldman* doctrine,[2] *Heck* preclusion,[3] or other preclusive doctrines such as *res judicata* or collateral estoppel, it is clear that Plaintiff's fundamental claim that he ought to be released from prison is not cognizable in this action brought under 42 U.S.C. § 1983.  For the reasons explained by the Magistrate Judge, there are no genuine disputes of material fact regarding any of Plaintiff's claims, and Defendants are entitled to judgment as a matter of law.

It is therefore ORDERED:

1.	Plaintiff's objections (Doc. # 131) are OVERRULED.

2.	The Magistrate Judge's Recommendation (Doc. # 130) is ADOPTED.

3.	Defendants' motion for summary judgment (Doc. # 90) is GRANTED.

A final judgment will be entered separately.

DONE this 11th day of January, 2022.

                                                    /s/   W. Keith Watkins
                                          UNITED STATES DISTRICT JUDGE

---

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The *Rooker-Feldman* doctrine bars the lower federal courts from hearing appeals from the decisions of state courts.

[3] Plaintiff pled guilty to the parole violation that led to his instant imprisonment.  His guilty plea is an admission that he was in fact on a valid term of parole—a fact which he now disputes in his § 1983 action.  That is not permitted under *Heck*.  *See Heck v. Humphrey*, 512 U.S. 477, 487 n.6 (1994) (holding that a § 1983 plaintiff cannot recover damages for claims which "would necessarily imply that the plaintiff's criminal conviction was wrongful" unless the conviction is overturned).